IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STARPONY (HK) LIMITED, a Hong Kong Corporation,<br><br>Plaintiff,<br><br>v.<br><br>THE CORPORATIONS, PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED IN SCHEDULE A,<br><br>Defendants. | No. 23-cv-15864<br><br>Judge Andrea R. Wood |

## PRELIMINARY INJUNCTION ORDER

Plaintiff STARPONY (HK) LIMITED ("Plaintiff") filed a Motion for Entry of a Preliminary Injunction against the fully interactive, e-commerce stores operating under the seller aliases identified in Schedule A to the Complaint (collectively, "Defendants") and the online marketplace accounts identified in Schedule A ("Defendant Sellers"). After reviewing the Motion and the accompanying record, this Court GRANTS Plaintiff's Motion as follows:

This Court finds Plaintiff has provided notice to all Defendant Sellers (with the exception of Defendant #10) in accordance with the Temporary Restraining Order entered December 5, 2023, [Dkt. No. 12] ("TRO"), and Federal Rule of Civil Procedure 65(a)(1). No Defendant Seller served by email as directed in this Court's TRO has appeared to oppose Plaintiff's motion.

This Court also finds, in the absence of adversarial presentation, that it has personal jurisdiction over Defendants because Defendants directly target their business activities toward consumers in the United States, including Illinois. Specifically, Plaintiff has provided a basis to conclude that Defendants have targeted sales to Illinois residents by setting up and operating e-

commerce stores that target United States consumers using one or more seller aliases, offer shipping to the United States, including Illinois, and have sold products infringing Plaintiff's federally registered trademark, copyrights and/or design patents identified in Exhibit 102 to the Complaint, to residents of Illinois. In this case, Plaintiff has presented dated screenshot evidence that each Defendant e-commerce store is reaching out to do business with Illinois residents by operating one or more commercial, interactive internet stores through which Illinois residents can and do purchase the infringing. See Dkt. No. 3, Ex. Nos. 1-78, which includes screenshot evidence confirming that each Defendant e-commerce store does stand ready, willing and able to ship its unauthorized goods to customers in Illinois.

  This Court also finds that the injunctive relief previously granted in the TRO should remain in place through the pendency of this litigation and that issuing this Preliminary Injunction is warranted under Federal Rule of Civil Procedure 65. Evidence submitted in support of this Motion and in support of Hautman's previously granted Motion for Entry of a TRO establishes that Hautman has demonstrated a likelihood of success on the merits; that no remedy at law exists; and that Hautman will suffer irreparable harm if the injunction is not granted.

  Specially, Plaintiff has shown a sufficient likelihood of success on the merits of its trademark infringement, counterfeiting, and false designation of origin claims because it owns the trademark registrations shown in Exs. 105A-B to the Verified Complaint. Starpony's registered trademarks are valid, subsisting and in full force and effect, and have inherent and acquired distinctiveness in the marketplace. Defendants have made unauthorized use of Starpony's trademarks to identify their counterfeit and infringing goods in a way that is likely to confuse the public as the source or origin of Defendants' goods. Defendants are selling counterfeit and infringing products that look similar to, if not superficially indistinguishable

from, genuine Starpony Designed Products, and use infringing and counterfeit marks identical to the Starpony Trademarks. Further, Defendants sell products using the Starpony trademarks to the same consumers targeted by Plaintiff. Those consumers are diverse, with varying degrees of sophistication, and they are likely to have difficulty distinguishing genuine Starpony Designed Products from Defendants' counterfeit and infringing products, especially when Defendants' goods can only be viewed on a computer screen through similar online sales channels used by Plaintiff. Defendants' conduct demonstrates that they are intentionally trying to induce consumers to purchase their counterfeit and infringing products using Plaintiff's Starpony Trademarks.

This Court further finds that Plaintiff has shown a sufficient likelihood of success on its copyright infringement Claims because it owns the copyright registrations described in Exs. 103A-L and 104 to the Verified Complaint, and the evidence presented demonstrates that Defendants are literally copying the entirety of the relevant designs and images.

This Court further finds that Plaintiff has shown a sufficient likelihood of success on its patent infringement claims because it owns the design patents identified in Ex. 102A-D to the verified complaint. Comparison of Plaintiff's patented designs as shown in Ex. 100 and 101 with the stuffed toys offered at Defendants various websites as shown in Exs. 1-78 of the Verified Complaint show that the designs are not only similar but substantially the same in terms of shape, proportions, relationship between the individual elements, color schemes and decoration.

And this Court further finds that the injunctive relief previously granted in the TRO should remain in place through the pendency of this litigation and that issuing this preliminary injunction is warranted under Federal Rule of Civil Procedure 65.

Accordingly, this Court orders that:

1. Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be preliminarily enjoined and restrained from:

    a. manufacturing or causing to be manufactured, importing, advertising or promoting, distributing, selling or offering to sell their Counterfeit Starpony Products or any products infringing Starpony Design Patents, Starpony Sculpture Copyrights or Starpony Copyrighted Images; from infringing, counterfeiting, or diluting the Starpony Trademarks; from using the Starpony Trademarks, or any mark or design similar thereto, in connection with the sale of any unauthorized goods; from using any logo, trade name or trademark or design that may be calculated to falsely advertise the services or goods of Defendants as being sponsored by, authorized by, endorsed by, or in any way associated with Plaintiff; from falsely representing themselves as being connected with Plaintiff, through sponsorship or association, or engaging in any act that is likely to falsely cause members of the trade and/or of the purchasing public to believe any goods or services of defendants, are in any way endorsed by, approved by, and/or associated with Plaintiff; from using any reproduction, counterfeit, infringement, copy, or colorable imitation of the Starpony Trademarks in connection with the publicity, promotion, sale, or advertising of any goods sold by Defendants; from affixing, applying, annexing or using in connection with the sale of any goods, a false description or representation, including words or other symbols tending to falsely describe or represent Defendants' goods as being those of Plaintiff, or in any way

4

    endorsed by Plaintiff and from offering such goods in commerce; from engaging in search engine optimization strategies using colorable imitations of Plaintiff's name or trademarks and from otherwise unfairly competing with Plaintiff; from reproducing, copying, displaying, distributing or creating derivative works of, or publicly displaying of works protected Starpony Copyrighted Images or Starpony Sculpture Copyrights;

b.  manufacturing or causing to be manufactured, importing, advertising or promoting, distributing, selling or offering to sell their Counterfeit Starpony Products or any products infringing Starpony Design Patents, Starpony Sculpture Copyrights or Starpony Copyrighted Images; from infringing, counterfeiting, or diluting the Starpony Trademarks; from using the Starpony Trademarks, or any mark or design similar thereto, in connection with the sale of any unauthorized goods; from using any logo, trade name or trademark or design that may be calculated to falsely advertise the services or goods of Defendants as being sponsored by, authorized by, endorsed by, or in any way associated with Plaintiff; from falsely representing themselves as being connected with Plaintiff , through sponsorship or association, or engaging in any act that is likely to falsely cause members of the trade and/or of the purchasing public to believe any goods or services of defendants, are in any way endorsed by, approved by, and/or associated with Plaintiff; from using any reproduction, counterfeit, infringement, copy, or colorable imitation of the Starpony Trademarks in connection with the publicity, promotion, sale, or advertising of any goods sold by Defendants; from affixing, applying, annexing or using in connection with the sale of any goods, a false

      description or representation, including words or other symbols tending to falsely describe or represent Defendants' goods as being those of Plaintiff, or in any way endorsed by Plaintiff and from offering such goods in commerce; from engaging in search engine optimization strategies using colorable imitations of Plaintiff's name or trademarks and from otherwise unfairly competing with Plaintiff; from reproducing, copying, displaying, distributing or creating derivative works of, or publicly displaying of works protected Starpony Copyrighted Images or Starpony Sculpture Copyrights;

c. passing off, inducing, or enabling others to sell or pass off any product bearing the Starpony Designs as a genuine Starpony Product that is not Plaintiff's or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for such;

d. committing any acts calculated to cause consumers to believe that Defendants' products are sold under the authorization, control or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

e. further infringing the Starpony Trademarks, Starpony Sculpture Copyrights, Starpony Image Copyrights, or Starpony Design Patents, or taking any other action that adversely affect Plaintiff's goodwill; and

f. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, using the Starpony Copyrighted Images or any substantially similar derivative thereof;

2. Defendants shall not transfer or dispose of any money or other of Defendants' assets in any of Defendants' financial accounts.

3. Upon Plaintiff's request, any third party with actual notice of this Order who is providing payment services for any of the Defendants, including Visa, Master, and American Express credit cards, Visa electron, Maestro, Discover Card, Diners Club International, Elo, PayPal, JCB, UnionPay, Cartes Bancaries as well as any payment channels provided by third party platforms Alibaba, AliExpress, Amazon, and Temu, or any other online payment service provider (collectively, the "Third Party Payment Processors") shall, within ten (10) business days after receipt of such notice, provide to Plaintiff expedited discovery, including copies of all documents and records in such person's or entity's possession or control relating to:

    a. the identities and locations of Defendants, their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, including all known contact information and all associated e-mail addresses;

    b. the nature of Defendants' operations and all associated sales, methods of payment for services and financial information, including, without limitation, identifying information associated with the Defendants' financial accounts, as well as providing a full accounting of Defendants' sales and listing history related to their respective website; and

    c. any financial accounts owned or controlled by Defendants, including their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, including such accounts residing with or under the control of the above Third Party Payment Processors.

4, Any Third Party Payment Processors, including Visa, Master, and American Express credit cards, Visa electron, Maestro, Discover Card, Diners Club International, Elo, PayPal, JCB, UnionPay, Cartes Bancaries as well as any payment channels provided by third party platforms Alibaba, AliExpress, Amazon, and Temu, shall, within ten (10) business days of receipt of this Order:

    a. locate all accounts and funds connected to Defendants including, but not limited to, any financial accounts connected to the Defendants listed in Schedule A hereto, and any e-mail addresses provided by Defendants to the Third Party Payment Processors; and

    b. restrain and enjoin any such accounts or funds from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

5. Any internet app stores, including Apple App Store, Google Play, etc. (collectively, the "Third Party App Stores"), shall, within ten (10) business days of receipt of this Order, provide to Plaintiff expedited discovery, including copies of all documents and records in such person's or entity's possession or control relating to.

    a. the identities and locations of Defendants, their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, including all known contact information and all associated e-mail addresses;

    b. the nature of Defendants' operations and all associated sales, methods of payment for services and financial information, including, without limitation, identifying information associated with the Defendants' financial accounts, as

    well as providing a full accounting of Defendants' sales and listing history related to their respective website; and

  c. any financial accounts owned or controlled by Defendants, including their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, including such accounts residing with or under the control of the above Third Party Payment Processors.

6. Any Third Party App Stores, shall, within ten (10) business days of receipt of this Order, suspend the apps used by or associated with Defendants in connection with the sale of counterfeit and infringing goods which bear the Starpony Designs and using Starpony Copyrighted Images or any substantially similar derivative thereof.

7. Plaintiff is authorized to issue expedited written discovery, pursuant to Federal Rules of Civil Procedure 33, 34 and 36, related to:

  a. the identities and locations of Defendants, their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, including all known contact information, including any and all associated e-mail addresses; and

  b. the nature of Defendants' operations and all associated sales, methods of payment for services and financial information, including, without limitation, identifying information associated with Defendants' financial accounts, as well as providing a full accounting of Defendants sales and listing history related to their respective website and app.

    c.    Plaintiff is authorized to issue any such expedited discovery requests via e-mail. Defendants shall respond to any such discovery requests within three (3) business days of being served via e-mail.

8.    Plaintiff may provide notice of these proceedings to Defendants, including notice of the preliminary injunction hearing, service of process pursuant to Fed. R. Civ. P. 4(f)(3), and any future motions, by electronically publishing a link to the Complaint, this Order and other relevant documents on a website, and by sending an e-mail to the e-mail addresses located on websites or online stores, or email addresses provided by Defendants to Third Party Payment Processors. The combination of providing notice via electronic publication and e-mail, along with any notice that Defendants receive from payment processors, shall constitute notice reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.

Schedules A and B to the Complaint, other sealed documents supporting the Ex Parte Application for temporary relief as listed in Motion to File Under Seal, shall remain sealed until further ordered by this Court.

10.    Any Defendant who was served with this Court's TRO less than 14 days prior to the date this preliminary injunction is entered, or who is served with this preliminary injunction pursuant to the provisions for method of service described in the Court's TRO after entry of this preliminary injunction, shall have up to fourteen (14) days or a length of time this Court finds suitable, after such service to file opposition to and request a hearing to modify, alter, or set aside the preliminary injunction entered herein, which will remain in effect until such time as it may be amended, altered, or set aside by this Court. Any Defendants that are subject to this Order may otherwise appear and move to dissolve or modify the Order as permitted by and in compliance

with the Federal Rules of Civil Procedure and the Northern District of Illinois Local Rules. Any third party impacted by this Order may move for appropriate relief.

11. The ten thousand dollar ($10,000) bond posted by Plaintiff shall remain with the Court until a final disposition of this case or until this Preliminary Injunction is terminated.

**SO ORDERED.**

Dated: January 9, 2024

**ANDREA R. WOOD**
United States District Judge