# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Starpony (HK) Limited, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:23-cv-15864 ) ) Judge Andrea R. Wood |
| The Corporations, Partnerships and Unincorporated Associations Identified in Schedule A, | ) ) ) ) |
| Defendants. | ) ) |

## DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

Defendant stores Aixini (#62), MDXMY Store (#64) and SNOWOLF (#67) (hereinafter "Moving Defendants"), by and through its undersigned counsel, file this Memorandum in Support of Defendants' Motion to Dismiss.

## INTRODUCTION

Plaintiff has asserted four design patents, 13 copyrights and a trademark against over 70 defendants. Plaintiff has not articulated which intellectual property they believe that each of the defendants has violated. Instead, Plaintiff has thrown together very different defendants that sell different products. Plaintiff has labeled the Moving Defendants as counterfeiters along with all the other defendants but a review of Plaintiff's intellectual property against the Moving Defendants' products shows that the Moving Defendants did not in fact violate Plaintiff's intellectual property.

## LEGAL STANDARD

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) "tests the sufficiency of the complaint, not the merits of the case." *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 878 (7th Cir. 2012). "To survive a motion to dismiss under Rule 12(b)(6), a complaint must 'state a claim to relief that is plausible on its face.'" *Adams v. City of Indianapolis*, 742 F.3d

1

720, 728 (7th Cir. 2014) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007))." Plaintiff need not provide detailed factual allegations, but they must provide enough factual support to raise their right to relief above a speculative level. *Bell Atlantic Corp*, 550 U.S. at 555. The claim must be described "in sufficient detail to give the defendant 'fair notice of what the ... claim is and the grounds upon which it rests.'" *E.E.O.C. v. Concentra Health Servs., Inc*., 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to withstand a 12(b)(6) motion to dismiss. *Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)*.

## ARGUMENT

### A. Plaintiff Has Failed to Articulate Trademark or Counterfeiting Claims

Plaintiff has claimed that Defendants have infringed their trademarks, copyrights, and patents without specifying which Defendants they believe infringed which piece intellectual property. (Dkt. no. 1). This is particularly troubling in the case of the trademark and counterfeiting claims, because based on Plaintiff's own exhibits there is absolutely no evidence that many of the Defendants infringed their trademarks.

Plaintiff has asserted that Defendants have infringed their trademark "Mewaii" (Dkts. no. 1 and 3-85), but many of the Defendants not only fail to use this word but do not use any word that could possibly be confused with it. For example, as shown in Plaintiff's Exhibits 67 A and 67 B, defendant SNOWOLF also does not use the word Mewaii or any similar word in its description of its product or anywhere else. (Dkt. no. 3-69). For reasons known only to Plaintiff Exhibits 67 A and 67 B are from the Amazon.it website and are primarily in Italian. But portions of the Exhibits are in English and describe the product as "SNOWOLF Cat Pillow Soft Plush Pillow Sleeping

Pillow Cotton Kitten Pillow Cute Plush Gift for Kids Girlfriend." (Dkt. no. 3-69 at 12). None of those words, nor any of the other words in Exhibits 67 A and 67 B can be confused with Mewaii.

MDXMY Store also uses their own MDXMY brand and, as shown in Plaintiff's Exhibits 64 A and 64 B, describes their product as "Black Cat Plush Long Cat Plush Pillow Kitty Stuffed Animals Soft Doll Toy Gift (Blue Black, 19.6inch)." (Dkt. no. 3-66 at 3). The words that MDXMY Store uses to describe their product are not similar to the word Mewaii in any way. The word Mewaii does appear several times in Plaintiff's 33-page exhibit, but in each instance the word is found in a sponsored link to similar items sold by other stores or "Videos for related products." (Dkt. no. 3-66 at 4, 8 and 9). It is not clear if the sponsored links are for Starpony Mewaii products or not, but it is irrelevant because MDXMY Store does not control the sponsored links. The sponsored links and other links to related products are controlled by Amazon.com, not by the storefronts. In other words, MDXMY Store has not used the word Mewaii or a similar word and is not responsible for the word appearing in sponsored links near its product that were added by Amazon.com.

As shown in Plaintiff's Exhibits 62 A and 62 B, Aixini does not use the word Mewaii in any of the descriptions of its product. (Dkt. no. 3-64). As with the MDXMY Store exhibits, Plaintiff's Exhibits 62 A and 62 B have the word Mewaii in sponsored links and "Videos for related products." (Dkt. no. 3-64 at 4, 5, 9 and 12). As with MDXMY, Aixini does not control the sponsored links that Amazon.com places next to its product. Aixini uses the description "AIXINI Long Cat Plush Pillow Cartoon Cute Black Cat Stuffed Animals, Soft Kawaii Kitten Plushies Pillow Toy for Kids (Moonlight Black,35.4inch)." (Dkt. no. 3-64 at 3). As mentioned, Plaintiff has not specified which Defendants or products infringe their trademark, but Plaintiff could believe the word kawaii infringes their trademark.

3

To prevail on the trademark claim Plaintiff must establish that (1) the mark is protectable, and (2) Aixini's use of the mark is likely to cause confusion among consumers. *Eli Lilly Co. v. Natural Answers, Inc.*, 233 F.3d 456, 461 (7th Cir. 2000). To determine if there is a likelihood of confusion the Seventh Circuit looks at (1) the similarity of the marks in appearance and suggestion; (2) the similarity of the products; (3) the area and manner of concurrent use; (4) the degree of care likely to be used by consumers; (5) the strength of the plaintiff's mark; (6) whether any actual confusion exists; and (7) the defendant's intent to palm off its goods as those of the plaintiffs. *See Ty, Inc. v. Jones Grp., Inc.*, 237 F.3d 891, 897 (7th Cir. 2001). In determining similarity, it is important to note that kawaii means cute in Japanese. *Translation of kawaii by Dictionary.com*, https://www.dictionary.com/e/translations/kawaii/ (last visited February 20, 2024). It appears that Plaintiff took the existing word kawaii and changed the first two letters in coming up with the Mewaii trademark. Kawaii is often used to describe cute items and would likely be a word known by consumers searching for cute plushies. *See "Kawaii" Wikipedia, The Free Encyclopedia, Wikimedia Foundation,* https://en.wikipedia.org/wiki/Kawaii (last visited February 20, 2024). The fact that kawaii means cute greatly reduces any likelihood of confusion because consumers would know that use of the word kawaii to describe a product is a reference to the cuteness of the product and would not conflate kawaii with a trademark that shares the "waii" ending. Furthermore, Plaintiff also uses the word kawaii in describing its own product while using the brand name Mewaii. (Dkt. no. 3-64 at 9).

Even if Mewaii and kawaii were substantially similar, Aixini's use of kawaii is fair use. "[A] defendant in a trademark infringement action may invoke the fair use defense by demonstrating that the alleged infringement, 'is a use, otherwise than as a mark... which is descriptive of and used fairly and in good faith only to describe the goods or services of such

party.'" *Sorensen v. WD-40 Co.*, 792 F.3d 712, 722 (7th Cir. 2015) (quoting 15 U.S.C. § 1115(b)(4)). In this case if a fair use defense were necessary Aixini must show that (1) it did not use "kawaii" as a trademark, (2) the use is descriptive of its goods, and (3) it used the mark fairly and in good faith. *See Sportfuel, Inc. v. Pepsico, Inc.*, 932 F.3d 589, 595 (7th Cir. 2019).

This test is easily satisfied in this case. For the first prong, kawaii is initially used along with a string of other words or phrases describing the product such as "Long Cat Plush Pillow." (Dkt. no. 3-64 at 3). There is nothing to distinguish the word kawaii from the other words describing the product. *Id.* Further down on the webpage, under "Product Description," there is a graphic where "Kawaii Pillow" is placed above versions of the product with the phrase "Kawaii Animal Long Plush Pillow Stuffed Toy" below the graphic. *Id.* at 5-6. In these instances, Aixini is not using kawaii as a brand but is instead using it as part of the description of the product. For the second prong, kawaii is an adjective that is being used along with other adjectives to describe the product as cute. For the third prong, using a generic word to accurately describe a product is a good faith use of the word.

As shown in Plaintiff's Exhibits MDXMY Store and SNOWOLF have not used the Mewaii trademark or any word similar to sell their products. Aixini used a word that shares the last four letters as Mewaii, but kawaii is not substantially similar to Mewaii and even if it were, the use of kawaii is fair use. Therefore, the Moving Defendants have not infringed Plaintiff's trademark or counterfeited Plaintiff's product.

**B. Moving Defendants Have Not Infringed Plaintiff's Design Patents**

"[W]hile infringement is a question of fact, courts may dismiss claims of design infringement on a Rule 12(b)(6) motion where, as a matter of law, no reasonable factfinder could

find infringement." *Curver Luxembourg, SARL v. Home Expressions Inc*., No. 2:17-cv-4079-KM-JBC, 2018 WL 340036, at *4 (D.N.J. Jan. 8, 2018), aff'd, 938 F.3d 1334 (Fed. Cir. 2019).

As this court articulated, in design patent cases "a plaintiff must demonstrate that 'an ordinary observer, familiar with the prior art designs, would be deceived into believing that the accused product is the same as the patented design." *Crocs v. Int'l Trade Comm'n*, 598 F.3d 1294, 1303 (Fed. Cir. 2010); see also *Egyptian Goddess, Inc. v. Swisa, Inc*., 543 F.3d 665, 676, 678. (Fed. Cir. 2008). "Where a patented design and an accused product are not 'plainly dissimilar,' the court must conduct a three-way analysis comparing the accused product, the patented design, and the prior art." *ABC Corp. I v. P'ships & Unincorporated Assocs. Id'd on Schedule "A"*, 52 F.4th 934, 942 (Fed. Cir. 2022) (citing *Egyptian Goddess*, 543 F.3d at 677-78).

The differences between Plaintiff's Design Patents and the Moving Defendants' products meet the plainly dissimilar standard as articulated by the Federal Circuit. For example, in *Ethicon Endo-Surgery, Inc. v. Covidien, Inc*., 796 F.3d 1336 (Fed. Cir. 2015) the Federal Circuit found no infringement of a design patent for a medical device because there was no "genuine dispute the claimed and accused designs of an ultrasonic surgical device are plainly dissimilar." *Id.*



D'804 patent, Fig. 1    Covidien's accused product

*Ethicon Endo-Surgery, Inc. v. Covidien, Inc.*, 796 F.3d 1336 (Fed. Cir. 2015)

The court went on to explain that "on a general conceptual level, both designs include an open trigger, a small activation button, and a fluted torque knob in relatively similar positions within the underlying ultrasonic device. Similarity at this conceptual level, however, is not sufficient to demonstrate infringement of the claimed designs." *Id.*

Plaintiff has asserted D1,001,206, D994,051, D998,723, and D1,001,553. (Dkt. nos. 3-2 and 3-82). The '206 patent looks nothing at all like any of the Moving Defendant's products, so it appears that Plaintiff did not attend to assert that patent against Moving Defendants. Presumably Plaintiff believes that the Moving Defendants infringe some combination of the '051, '723 and '553 patents, so representative figures from those patents are reproduced below alongside images from Plaintiff's exhibits.



Aixini product (Dkt. no. 3-64 at 3).      SNOWOLF product (Dkt. no. 3-69 at 3 and 33).



MDXMY product (Dkt. no. 3-66 at 3).   '723 (Dkt. no. 3-82).

'051 (Dkt. no. 3-82).   '553 (Dkt. no. 3-82).

There are significant differences between the '553 patent and the Moving Defendants' products that show they are plainly dissimilar. The face is likely what the ordinary observer would

notice first when looking at the '553 patent and Moving Defendants' products. Differences between the patent and the products "must be evaluated in the context of the claimed design as a whole, and not in the context of separate elements in isolation." *Ethicon Endo-Surgery, Inc. v. Covidien, Inc.*, 796 F.3d 1312, 1335 (Fed. Cir. 2015). The face, however, is critical to the overall look of the products in this instance because the Moving Defendants all describe and market their products as cute. In the '553 patent the face in the figures is bat-like with fangs and has a menacing look. (Dkt. no. 3-82). The Moving Defendants' products on the other hand all show cute faces that are not at all bat-like and do not have fangs. (Dkt. nos. 3-64, 3-66 and 3-69). Furthermore, the '553 patent includes a fringe on top of the head of the figure that is missing from all the Moving Defendants' products, which have ears instead. In addition, the MDXMY product and Aixini product have detailed pictures painted on their mid sections that are missing from the '553 patent as well as the '723 and '051 patents. Finally, the tail in the '553 patent is arrow shaped at the end and does not resemble the tails of the Moving Defendants' products.

The '723 patent is also plainly dissimilar from the Moving Defendants' products. The '723 patent emphasizes the shape of the wings in Figure 9, but the wings do not resemble the wings found on the Moving Defendants' products. (Dkt. no. 3-82). Specifically, the wings in the '723 patent have a unique three lobed shape that is not found in the Moving Defendants' products. The '723 patent also shows what appears to be a sprout growing on the top of the figures head, which is completely missing in Moving Defendants' products. Although the dotted lines in a design patent are not part of the claimed design, the solid lines are part of the claimed design. Therefore, there is a large oval in the '723 patent that is completely missing from SNOWOLF's Product. (Dkt. no. 3-69 at 3). In addition, there are circles on the face that appear to resemble rosy cheeks that are missing from the Moving Defendants' products as well as other differences in the claimed face.

9

Finally, the '051 patent is also plainly dissimilar from the Moving Defendants' products. The most obvious difference is the long very thin arms that are clear in the '051 patent. (Dkt. no. 3-82). The Moving Defendants' products all have relatively thicker and shorter arms than the figures in the '051 patent. (Dkt. nos. 3-64, 3-66 and 3-69). In particular, the SNOWOLF product has arms that are much shorter than figures in the '051 patent. There are also differences in the tail of the '051 patent and the Moving Defendants' products. For example, the '051 patent has a thicker part at the end of the tail missing from the Moving Defendants' products, which have tails of even thickness throughout. Furthermore, the shape of the ears and wings in the '051 patent are different from the shape of the ears and wings of Moving Defendants' products.

### C. Moving Defendants Have Not Infringed Plaintiff's Copyrights

For copyright infringement the question is whether defendants "cop[ied] ... constituent elements of the [copyrighted] work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 346, 111 S.Ct. 1282, 113 L.Ed.2d 358 (1991). "The first question is whether, as a factual matter, the defendant copied the plaintiff's protected work (as opposed to independently creating a similar work); the second question is whether the copying 'went so far as to constitute an improper appropriation.'" *Design Basics, LLC v. Signature Constr., Inc.*, 994 F.3d 879 (7th Cir. 2021) quoting (*Atari, Inc. v. N. Am. Philips Consumer Elecs. Corp.*, 672 F.2d 607, 614 (7th Cir. 1982)).

In the Seventh Circuit uses the "ordinary observer" test for unlawful appropriation: "whether the accused work is so similar to the plaintiff's work that an ordinary reasonable person would conclude that the defendant unlawfully appropriated the plaintiff's protect[a]ble expression by taking material of substance and value." *Wildlife Express Corp. v. Carol Wright Sales, Inc.*, 18 F.3d 502, 508–09 (7th Cir. 1994) (quoting *Atari*, 672 F.2d at 614). It is important to note that the

ordinary observer looks at the protectable aspects of the work and "In fields defined by common features and dictated by functional concerns, however, copyright protection is very weak." *Design Basics, LLC v. Kerstiens Homes & Designs, Inc.*, 1 F.4th 502 (7th Cir. 2021).

Plaintiff has failed to provide any comparison between their copyrights and Defendants products, so it is not clear which of the thirteen copyrights Plaintiff believes Moving Defendants' products infringed. Many of the copyrights have no resemblance to the Moving Defendants' products, such as copyrights like VA 2-322-955, VA 2-322-956, VA 2-350-618, VA 2-350-620, and VA 2-322-953 that show a mushroom like creature. (Dkt. no. 3-84).

Several of the copyrights, such as VA 2-322-951, VA 2-322-954 and VA 2-350-613 include figures from the design patents as well as images from the design patents with color added. (Dkt. no. 3-84). The differences between the images in the design patents and the Moving Defendants' products have already been addressed. Although a design patent is not the same thing as a copyright, both rely on the 'ordinary observer' and differences between the images and the products matter in both cases.

Other copyrights, such as VA 2-350-616 and VA 2-350-614 are also for elongated cat like creatures but are significantly different from the Moving Defendants' products. The differences include differences in all the major features of the creatures, such as face, tail, wings, legs and arms. Without Plaintiff providing some guidance as to what copyrights have been infringed it does not appear that Plaintiff's copyrights resemble the Moving Defendants' products enough for an "ordinary observer" to find that Plaintiff's copyrights have been unlawfully appropriated by Moving Defendants' products.

## **CONCLUSION**

Based on the foregoing, Moving Defendants respectfully request that this Court dismiss this case in its entirety. Plaintiffs have failed to articulate a claim for which relief may be granted because Plaintiff's broad allegations of infringement do not stand up to scrutiny.

Dated: February 20, 2024

Respectfully submitted,

By:/s/ Benjamin Solter
Benjamin Solter
Intelink Law Group, PC
2 Embarcadero Center, 8th Floor
San Francisco, CA 94111
781-752-6369
bsolter@intelinklaw.com

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing was filed electronically with the Clerk of the Court using the CM/ECF system on this 20th day of February 2024 and served electronically on Plaintiff's counsel of record.

By:/s/ Benjamin Solter